UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAURIE DUKE and DALE JOHNSON, Jointly and as Natural Parents of MORGAN JOHNSON, deceased, <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>DANFREIGHT SYSTEMS, INC. and PIERRE ST. JEAN, <br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-125 |

## **COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Come now Plaintiffs, Laurie Duke and Dale Johnson, Jointly and as Natural Parents of Morgan Johnson, deceased, by counsel, and for their claim against Defendants, Danfreight Systems, Inc. and Pierr. Jean, allege and state as follows:

### **I. PARTIES**

1. At all times relevant herein, Morgan Johnson, deceased, was a citizen of Poland, Clay County, Indiana, was twenty (20) years of age and was enrolled as a full-time student at Ivy Tech Community College, studying Culinary Arts. As such, Morgan Johnson was a "child" at the time of his death, as defined by Indiana Code § 34-23-2-1(b).

2. At all times relevant herein Plaintiff, Laurie Duke was a citizen of Poland, Clay County, Indiana.

3. At all times relevant herein Plaintiff, Dale Johnson was a citizen of Indianapolis, Marion County, Indiana.

4. At all times relevant herein, Plaintiffs, Laurie Duke and Dale Johnson were the biological parents of Morgan Johnson, deceased, and bring this action jointly pursuant to Indiana Code § 34-23-2-1.

5. At all times relevant herein Defendant, Danfreight Systems, Inc. ("DFS") was a corporation organized and existing under the laws of the Province of Quebec, Canada with a principal place of business located in Joliette, Quebec Province, Canada and, therefore, a citizen of Canada.

6. At all times relevant herein, Defendant DFS was a commercial motor carrier registered with the United States Department of Transportation, USDOT No. 591904, who regularly conducted business in, received economic benefit from, and had sufficient minimum contacts with the United States of America and State of Indiana.

7. At all times relevant herein, Defendant, Pierre St. Jean ("St. Jean") was a citizen of Saint Charles Borromee, Quebec Province, Canada, and at the time of the acts and omissions complained of in this Complaint was an agent, servant and/or employee of Defendant DFS and was acting within the course and scope of his agency and/or employment with Defendant DFS.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost in accordance with 28 U.S.C.A §1332. As previously set forth herein, Plaintiffs are citizens of the State of Indiana, Defendant DFS is a citizen of the Province of Quebec, Canada, and Defendant St. Jean, is a citizen of the Province of Quebec, Canada.

9. This Court has specific personal jurisdiction over the Defendants because the motor vehicle crash giving rise to this wrongful death action occurred in the State of Indiana and,

therefore, the present action is related to or "arises out of" Defendant's contacts with the State of Indiana.

10. Venue is proper in the United States District Court, Southern District of Indiana, because the accident giving rise to the wrongful death action alleged herein occurred in the judicial district of the United States District Court, Southern District of Indiana, pursuant to 28 U.S.C.A §1391.

### III. FACTS

11. At all times relevant herein, Interstate-70 ("I-70") was an interstate highway running generally in an east/west direction through Terre Haute, Vigo County, Indiana.

12. The fatal crash which is the subject of this lawsuit occurred in Terre Haute, Vigo County, Indiana, on I-70 in its westbound lanes near the 11.0 mile marker.

13. On March 16, 2019, at approximately 9:40 a.m., Morgan Johnson was lawfully stopped in traffic in the left westbound lane of I-70 due to traffic congestion ahead.

14. At approximately the same place and time, Defendant St. Jean was negligently operating a semi tractor-trailer owned by Defendant DFS ("DFS Semi") in the course and scope of his employment with Defendant DFS westbound on I-70 behind Morgan Johnson's lawfully stopped vehicle when Defendant St. Jean negligently failed to yield to slowing and/or stopped traffic causing the DFS Semi to violently crash into the rear of Morgan Johnson's lawfully stationary vehicle ("fatal crash").

15. As a direct and proximate result of the fatal crash, Morgan Johnson was trapped in his vehicle and burnt to death.

16. At the time of the fatal crash Defendant St. Jean was an agent and/or employee of Defendant DFS and was operating the DFS Semi in the course and scope of his agency and/or

employment with Defendant DFS and Defendant DFS is vicariously liable for Defendant St. Jean's negligent actions and omissions proximately causing the death of Morgan Johnson.

## COUNT I
## NEGLIGENCE – ALL DEFENDANTS

17. Plaintiffs incorporate by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

18. At all times relevant herein, Defendant St. Jean owed a duty to exercise reasonable care in his operation of the DFS Semi.

19. At all times relevant herein, Defendant St. Jean failed to exercise ordinary care and breached his duty of care in his operation of DFS Semi.

20. At all times relevant herein, Defendant St. Jean was negligent for, among other reasons:

   (a) Failing to operate the DFS Semi in a safe and reasonably prudent manner;

   (b) Following too closely;

   (c) Failing to maintain a proper lookout for other vehicles;

   (d) Failing to pay attention to vehicles in his path;

   (e) Failing to maintain a proper space cushion between the DFS Semi and traffic ahead of him including, without limitation, the vehicle operated by Morgan Johnson;

   (f) Speeding;

   (g) Driving at an unreasonable rate of speed for the circumstances;

   (h) Driving in a negligent manner; and

   (i) Other negligent acts and/or omissions.

21. Some or all of Defendant St. Jean's negligent acts or omissions were violations of Indiana statutes, ordinances, and/or federal regulations that were designed to protect the class of persons in which Morgan Johnson was included, against the risk of harm which occurred as a result of the violations and, therefore, constitute negligence *per se* under Indiana law.

22. At the time of the fatal crash, Defendant St. Jean was acting in the course and scope of his employment with Defendant DFS and, therefore, Defendant DFS is vicariously liable to Plaintiffs for Defendant St. Jean's negligent acts and omissions as set forth herein.

23. At all times material herein, Defendant DFS had a duty to exercise reasonable care in its entrustment of the DFS Semi to Defendant St. Jean.

24. Defendant DFS failed to exercise ordinary care and breached its duty of care in its entrustment of the DFS Semi to Defendant St. Jean.

25. Defendant DFS was negligent for, among other reasons, entrusting the DFS Semi to Defendant St. Jean, despite its actual and specific knowledge at the time of the entrustment of Defendant St. Jean's inability to exercise due care in his operation of the DFS Semi.

26. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Morgan Johnson suffered severe, traumatic and catastrophic injuries and died.

27. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, the Morgan Johnson's natural parents, Laurie Duke and Dale Johnson are entitled to recover damages from Defendants including, but not limited to, the following:

    (a) Loss of services of their son, Morgan Johnson;

    (b) Loss of love and companionship of their son, Morgan Johnson;

  (c)  Property damage;

  (d)  Funeral and burial costs;

  (e)  Psychiatric and psychological counseling expenses incurred because of the death of their son, Morgan Johnson;

  (f)  Administration of the child's estate including attorney's fees; and

  (g)  All other damages recoverable under Indiana law.

28. Plaintiffs are entitled to judgment against the Defendants, DFS and St. Jean, and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate the Plaintiffs, Laurie Duke and Dale Johnson, natural parents of Morgan Johnson, for the damages incurred and all damages recoverable under Indiana law for the wrongful death of their child, Morgan Johnson, for the costs of this action, attorneys' fees and for all other relief just and proper in the premises.

WHEREFORE, Plaintiffs, Laurie Duke and Dale Johnson, Jointly and as Natural Parents of Morgan Johnson, deceased, by counsel, seek judgment against Defendants, Danfreight Systems, Inc. and Pierre St. Jean, and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate Plaintiffs for the damages incurred, for the costs of this action, prejudgment interest, attorneys' fees and for all other relief just and proper in the premises.

## **REQUEST FOR JURY TRIAL**

Come now Plaintiffs, Laurie Duke and Dale Johnson, by counsel, and hereby request trial by jury.

Respectfully submitted,

STEPHENSON RIFE, LLP

/s/ M. Michael Stephenson
M. Michael Stephenson, Attorney No. 1824-73
Brady J. Rife, Attorney No. 25378-73
Dennis E. Harrold, Attorney No. 7502-73
Sean R. Roth, Attorney No. 30833-49
2150 Intelliplex Drive, Suite 200
Shelbyville, IN 46176
(317) 680-2011 – Telephone
(317) 680-2012 – Facsimile

Michael S. Hult, Attorney No. 26973-53
KELLER & KELLER, LLP
2850 North Meridian Street
Indianapolis, IN  46208
(317) 926-1111 – Telephone
(317) 926-1411 – Facsimile
*Counsel for Plaintiffs, Laurie Duke and Dale Johnson, jointly as Mother and Father and as Natural Guardians of Morgan Johnson, deceased*