UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LAURIE DUKE Jointly and as Natural Parents of Morgan Johnson, deceased, DALE JOHNSON Jointly and as Natural Parents of Morgan Johnson, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | No. 2:20-cv-00125-JPH-DLP |
| DANFREIGHT SYSTEMS, INC., PIERRE ST. JEAN, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER ON MOTIONS IN LIMINE**

The parties have filed a combined forty-eight motions in limine.  A table summarizing the motions and rulings is attached as Appendix A.  Consistent with the Court's instructions at the final pretrial conference, counsel shall raise reasonably foreseeable evidentiary issues in advance outside the presence of the jury—generally before or after the trial day, over lunch, or at a break.  That includes situations when a party believes that the evidence at trial justifies a modification to this order.  To avoid wasting the jury's time, counsel must make every effort to avoid raising reasonably foreseeable issues when they would require a sidebar or recess, which will be allowed only in extenuating circumstances.

1

## I.    Applicable Law

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).  Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469 U.S. 38, 41 (1984).  A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II.    Analysis

Preliminarily, it is worth noting that the Court and counsel worked through many of the motions in limine over the course of approximately two hours at the final pretrial conference.  As emphasized at the conference, the Court expects counsel to stringently adhere to pretrial agreements and orders relating to evidence by careful preparation of their questions and witnesses.  To the extent any reference is made to evidence that the Court has ruled inadmissible, the Court will determine whether it was inadvertent or intentional and proceed accordingly.  *See Fuery v. City of Chicago*, 900 F.3d 450 (7th Cir. 2018).

### A. Plaintiffs' Motions in Limine

#### 1. Agreement or suggestion that crash was a mere accident or mistake

As ordered at the final pretrial conference, this motion is **GRANTED in part**. Defendants are prohibited from arguing that the crash was nothing more than a "mere accident" or a "simple mistake," but there is not a blanket prohibition on using the word "accident."

#### 2. Argument or suggestion that Pierre St. Jean faced a "sudden emergency"

By agreement of the parties, Defendants may not argue that Mr. St. Jean faced a "sudden emergency" at the time of the crash. Dkt. 113 at 2.

#### 3. Suggestion or comment about who pays the verdict

By agreement of the parties, Defendants may not make suggestions or comments about who pays the verdict. Dkt. 113 at 3.

#### 4. Suggestion or comment that money will not undo the damage

By agreement of the parties, Defendants may not make suggestions or comments that money will not undo the damages from Morgan's death. Dkt. 113 at 3.

#### 5. Evidence of collateral source payments

Both parties indicated at the final pretrial conference that they are not aware of and do not intend to introduce evidence of any collateral source payments made to Plaintiffs. For that reason, this motion is **Granted.**

### 6. Evidence concerning settlement discussions

By agreement of the parties, the parties may not reference or comment about the fact that settlement negotiations took place or the substance of a settlement negotiation.  Dkt. 113 at 3; dkt. 108 at 24.

### 7. Statements suggesting society is overly litigious

As ordered at the final pretrial conference, this motion is **GRANTED**. Defendants are prohibited from arguing that society is overly litigious or that lawsuits like this one contribute to rising insurance rates or inflation.

### 8. Argument that this is a lawyer-created case or that the lawyers concocted certain damage issues

As ordered at the final pretrial conference, this motion is **GRANTED**. Defendants are prohibited from arguing that this is a "lawyer-created" case or that the lawyers "concocted" certain damage issues.

### 9. Allegations that Plaintiffs failed to mitigate their damages

As ordered at the final pretrial conference, this motion is **GRANTED**. Defendants are prohibited from arguing that Plaintiffs had a duty to mitigate or that they failed to mitigate their damages.

### 10. Statements apologizing or expressing concern for Plaintiffs or others for the incident and related damages

As ordered at the final pretrial conference, this motion is **GRANTED in part**.  Counsel recognize that a brief acknowledgement of loss may be appropriate and natural when examining the Plaintiffs.  What's prohibited by this ruling is counsel making statements apologizing or expressing concern or sympathy for Plaintiffs to posture or gain favor with the jury.

## 11.  Donations made by others towards funeral or burial costs

As ordered at the final pretrial conference, this motion is **GRANTED.**
Defendants are prohibited from providing evidence related to a category of
damages that Plaintiffs are not seeking recovery for, including funeral or burial
costs.

## 12.  Plaintiffs' life expectancy shortened by any medical condition

This motion is **GRANTED in part**.  The Defendants have not designated
an expert to testify at trial and therefore cannot make an argument or offer an
opinion regarding a specific life expectancy of either Plaintiff.  This does not
preclude Defendants from *briefly* asking Plaintiffs about any known long-term
health conditions that a jury could reasonably consider in evaluating damages.

## 13.  Cap on the amount of available damages for loss of love and companionship and prohibition of references to Morgan as an "adult child"

As ordered at the final pretrial conference, this motion is **GRANTED in
part**.  The parties agreed to refer to Morgan by his age when relevant and are
prohibited from referencing or characterizing Morgan as a "child," an "adult," or
an "adult child."  The purpose of this ruling is to avoid confusing the jury on
whether Morgan is a "child" within the meaning of the CWDS.  That issue is not
disputed because the parties have stipulated to it.  This ruling does not
preclude the parties from stating that Morgan was Mrs. Duke and Mr.
Johnson's child.

### 14.  Automobile crashes involving other family members

By agreement of the parties, Defendants may not introduce evidence concerning automobile crashes involving Plaintiffs' family members other than Morgan.  Dkt. 113 at 10.

### 15.  Testimony of Danfreight Systems, Inc. (DFS) Corporate Representative and certain phrases and expressions "along the lines" of DFS being "reasonable" or wanting to "do the right thing"

As ordered at the final pretrial conference, this motion is **GRANTED**. While Defendants have indicated they are not calling a DFS Corporate representative at trial, they are prohibited form arguing that DFS is a "reasonable" company, or "wants to the right thing," or any related comments or suggestions.

### 16.  Testimony from Mr. St. Jean

By agreement of the parties, Defendants may not call Pierre St. Jean to testify at trial.  Dkt. 113 at 10–12.

### 17.  Involvement of Camille Wortman

As ordered at the final pretrial conference, this motion is **GRANTED** to the extent that Defendants shall seek leave of Court before referencing statements allegedly made by Plaintiffs to Dr. Wortman.  The Court may grant such leave if Plaintiffs' counsel opens the door by eliciting testimony from Plaintiffs that is contrary to statements reflected in Dr. Wortman's notes.

**18. Testimony from Mattison Harris regarding her commentary on prior conversations with Plaintiffs' counsel**

As ordered at the final pretrial conference, this motion is **GRANTED** to the extent that Defendants shall seek leave of Court before asking Mattison Harris on direct examination about her conversations with Plaintiffs' counsel.

**19. Elements of damages that Plaintiffs are not claiming**

As ordered at the final pretrial conference, this motion is **GRANTED.** Defendants are prohibited from introducing evidence related to any category of damages for which Plaintiffs are not seeking recovery.

**20. Comment, statement, or argument regarding the driver experience or miles driven by Mr. St. Jean, safety rating of DFS, or similar comment**

By agreement of the parties, Defendants may not make comments or argument about the driver experience or miles driven by Mr. St. Jean, the safety rating of DFS, or any similar comment.  Dkt. 113 at 14.

**21. Evidence that Plaintiffs filed a motion in Limine or the Court's ruling**

By agreement of the parties, Defendants cannot reference the fact that Plaintiffs filed a motion in limine or the Court's ruling.  Dkt. 113 at 14.

**B. Defendants' Motions in Limine**

**1. Testimony from Senior Trooper Rader**

At the final pretrial conference, the Court told counsel that if the parties were not able to reach stipulations regarding background facts related to the crash, it would allow Plaintiff to call Senior Trooper Rader to provide such limited background facts.

Defendants have filed a supplemental motion in limine to exclude portions of Senior Trooper Rader's testimony as hearsay.  Dkt. 118 at 2; *see* Fed. R. Evid. 802.  Defendants' motion included updated proposed stipulations regarding the circumstances of the crash.  Dkt. 118 at 4.  These stipulations contain the amount of background facts that the Court would allow the jury to learn.  If Plaintiffs accept Defendants' proposed stipulations, the motions in limine regarding Trooper Rader's testimony will be moot.  If no stipulation is reached, the Court will rule on Defendants' motions in limine regarding Trooper Rader.

### 2.  Evidence regarding additional facts about the crash

This motion is **GRANTED in part** to the extent that the jury will be permitted to learn limited background information about the circumstances of the crash.  The parties are prohibited from commenting on the cause of the crash in opening statement or arguing about it in closing argument beyond referencing the fact that it happened.

### 3.  Testimony from Jennifer Perrin, Mary Ann Birt, Donna McKee, Richard Edwards and Ron Smith (motions 3–7)

As ordered at the final pretrial conference, these motions are **DENIED** to the extent that the Court will not prohibit Plaintiffs from calling these witnesses because Plaintiffs have identified at least a plausible basis that each may provide relevant testimony. It is, of course, Plaintiffs' obligation to have a good faith belief that each witness they call has personal knowledge of facts relevant to Plaintiffs' loss of love and companionship as defined under Indiana law. *See* dkt. 78 at 8 ("In evaluating or measuring damages 'for the loss of a

8

child's love and companionship,' Indiana courts focus on the nature and quality of the relationship that the parent shared with the child."); Ind. Code § 34-23-2-1(f); *Randles v. Indiana Patient's Compensation Fund*, 860 N.E.2d 1212, 1231 n.8 (Ind. Ct. App. 2007) (quoting *Challenger Wrecker Mfg. Inc. v. Estate of Boundy*, 560 N.E.2d 94, 99 (Ind. Ct. App. 1990)).

### 8. Statements regarding the value of a human life

As ordered at the final pretrial conference, this motion is **GRANTED**. Plaintiffs are prohibited from making comments in their opening statement or arguing during closing argument about the value of Morgan's life or more generally about the value of a human life.

### 9. All documents intended to be marked as evidence not produced in discovery

Defendants argue that many of Plaintiffs' proposed exhibits—pictures and videos of Morgan with his family and friends—should be excluded because they were not timely produced under the case management plan or in response to Defendants' discovery requests. *See* dkt. 103 at 12–13; dkt. 89 (joint exhibit list); dkt. 16 (case management plan). Specifically, Defendants seek to exclude Plaintiffs' exhibit numbers 2–5, 7–15, 17–20, and 22–35, all of which were produced on June 21, 2021—well after the February 15, 2021, close of discovery—as a supplemental Rule 26 disclosure. Dkt. 103 at 14; *see* Fed. R. Civ. P. 26(a).

Plaintiffs respond that they provided a flash drive containing these exhibits along with a pre-suit demand letter on July 19, 2019. Dkt. 108 at 18. Plaintiffs further contend that these photos and videos "were inadvertently

omitted from Plaintiffs' discovery responses," and this "inadvertent omission" was "both 'substantially justified' and 'harmless.'" *Id.* at 19.  Therefore, the exhibits should not be excluded.  *Id.*

"Federal Rule Civil Procedure 26(a)(1)(A)(ii) requires a party to produce all documents it intends to use to support its case 'without awaiting a discovery request.'" *Barnett v. Menard*, 851 Fed. App'x 619, 623 (7th Cir. 2021). "[N]ormally, a party who fails to produce a document during discovery is prohibited from introducing it at trial" under Rule 37(c)(1) unless the "sanctioned party can show that" the violation was "either justified or harmless." *Id.* (citing *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003)); *see also Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (explaining that the same standard applies for a Rule 26(e) violation). "In addition to or instead of this sanction," the Court "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C).

A district court has wide discretion to determine whether a Rule 26 violation is either justified or harmless. *David*, 324 F.3d at 857 (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).  The Court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *David*, 324 F.3d at 857.  But the following factors guide the Court's "discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of

disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Here, Plaintiffs' failure to timely produce the exhibits they now seek to use at trial would likely prejudice Defendants because they lost the opportunity to conduct further discovery with respect to those exhibits. Dkt. 103 at 16. Allowing Plaintiffs to use all the photographs and videos they have identified as trial exhibits would likely prolong the trial, as Defendants would likely ask witnesses foundational questions about the exhibits that they otherwise could have asked during depositions. Last, there is no evidence of bad faith or willful misconduct by Plaintiffs' counsel.

Therefore, the Defendant's motion to exclude the late produced exhibits is **GRANTED in part.** As a sanction for failing to timely produce these documents, Plaintiffs are limited to using **ten photographs** of Morgan at trial; all other photographs, and all videos, will be excluded. *See* Fed. R. Civ. P. 37(c)(1)(A) (authorizing district courts to "impose other appropriate sanctions" for failing to timely disclose or supplement).

All photographs designated by Plaintiffs as exhibits will, of course, still be subject to Defendants' relevance objections and must otherwise pass muster under Rule 403.

For example, Plaintiffs have identified Jennifer Perrin, Morgan's high school Drama Club and English teacher, as a witness. Ms. Perrin's testimony, as described by Plaintiffs, may be admissible to the extent that she has personal knowledge of Morgan's relationship and interactions with his parents.

So, a picture of Morgan and his parents at one of those productions may be relevant and helpful to supplement Ms. Perrin's testimony.  In contrast, a video of Morgan performing in a high school play would not seem relevant to Plaintiffs' loss of love and companionship.

### 10.  Evidence regarding calculation of attorney's fees as a form of damages

Plaintiffs agree that any evidence or argument in support of their claim to recover attorneys' fees is an issue for the Court after the jury trial is over. Therefore, this motion is **GRANTED** to the extent that Plaintiffs may not elicit evidence of or argue for a calculation of attorneys' fees as a form of damages.

### 11.  Reference to arguments related to the Golden Rule

By agreement of the parties, Plaintiffs cannot reference the "Golden Rule" or make an argument based on the "Golden Rule."  Dkt. 108 at 23.

### 12.  Plaintiff testimony about their grief and sorrow

As discussed at the final pretrial conference and in the order excluding Plaintiffs' expert, Dr. Camille Wortman, damages under the CWDS for loss of love and companionship do not include "solatium, or recompense for grief or wounded feelings."  Dkt. 78 at 7–8 (quoting *Randles v. Indiana Patient's Compensation Fund*, 860 N.E.2d 1212, 1231 n.8 (Ind. Ct. App. 2007)). Therefore, this motion is **GRANTED**.  Recoverable damages in this case for loss of love and companionship "focus on the nature and quality of the relationship that the parent shared with the child."  *Id.*  Plaintiffs' counsel are obligated to prepare their witnesses accordingly.

12

### 13.  Testimony or characterization of verbiage that Morgan Johnson was "killed"

As ordered at the final pretrial conference, this motion is **GRANTED in part**.  Plaintiffs cannot make statements or suggest that Morgan was "murdered" or that the Defendants "killed" him.  But there is not a blanket prohibition on the words "kill" or "killed."  The purpose of this ruling is to restrict Plaintiffs from arguing or suggesting that Defendants intentionally or purposefully killed Morgan Johnson.

### 14.  Questions or statements regarding the number of attorneys representing Defendants and who Defendants' lawyers are or where they are from

As ordered at the final pretrial conference, this motion is **GRANTED in part**.  The Court will introduce the lawyers and their respective law firms during jury selection.  After that, Plaintiffs are prohibited from referencing, commenting on, or making argument based on where Defendants or their lawyers are from, the number of lawyers representing Defendants, how many lawyers or offices are affiliated with their law firms, or any related argument.

### 15.  Evidence of insurance

By agreement of the parties, Plaintiffs cannot reference or provide evidence related to Defendant's insurance coverage or the possibility that insurance will pay the verdict.  Dkt. 108 at 24.

### 16.  Any references to settlements negotiations

By agreement of the parties, the parties may not make suggestions or comments about the fact that settlement negotiations took place or the substance of a settlement negotiation.  Dkt. 108 at 24; dkt. 113 at 3.

13

### 17. Arguments or references relating to sending a message, justice, or that this lawsuit serves the public at large

By agreement of the parties, Plaintiffs cannot make an argument or reference related to "justice," that this verdict will "send a message," or serves the public at large.  Dkt. 108 at 25.

### 18. Separation of Witnesses

By agreement of the parties and as ordered at the final pretrial conference, this motion is **GRANTED**.  Dkt. 108 at at 25.  Each party is responsible for the separation of their own witnesses.  This ruling does not apply to witnesses who are a party to this lawsuit.

### 19. Inadmissible hearsay

By agreement of the parties and per Federal Rule of Evidence 802, the parties cannot produce evidence in the form of inadmissible hearsay.  Dkt. 108 at 25.

### 20. References to filing of motions in limine

By agreement of the parties, Plaintiffs cannot reference the fact that Defendants filed a motion in limine or the Court's ruling.  Dkt. 108 at 25.

### 21. Punitive comments

By agreement of the parties, Plaintiffs cannot make punitive comments about Defendants or argue that Defendants should be punished.  Dkt. 108 at 25.

### 22. Evidence that a witness is truthful or honest

By agreement of the parties, Plaintiffs cannot provide evidence bolstering a witness's character for truthfulness or honesty unless that relevant character trait has first been called into doubt.  Dkt. 108 at 25; Fed. R. Evid. 608(a).

### 23. Financial situation of the parties

By agreement of the parties at the final pretrial conference, this motion is **GRANTED**.  There will be no references to or comments on the financial situation of the parties.

### 24. Citizenship and location of Defendants

By agreement of the parties at the final pretrial conference, this motion is **GRANTED**.  Plaintiffs are prohibited from referencing the citizenship and domicile of Defendants.

### 25. Statements or references to the absence of testimony from DFS

By agreement of the parties at the final pretrial conference, this motion is **GRANTED**.  There will be no statements or references to the absence of testimony from DFS.

### 26. Testimony from Robbie Duke discussing his loss of love and companionship

By agreement of the parties at the final pretrial conference, this motion is **GRANTED** to the extent that Robbie Duke will not be permitted to testify directly about his personal loss of Morgan's love and companionship.  This ruling does not preclude him from testifying about facts within his personal

15

knowledge that are relevant to Plaintiffs' loss of Morgan's love and companionship.

### 27. Witness testimony regarding Morgan's relationship with Mitchell Johnson and Gracie Duke

By agreement of the parties at the final pretrial conference, this motion is **GRANTED** to the extent that testimony specifically related to Morgan's relationship with his siblings, Mitchell Johnson and Gracie Duke, will not be permitted. This ruling does not preclude either from testifying about facts within their personal knowledge that are relevant to Plaintiffs' loss of Morgan's love and companionship.

## III.
## Conclusion

The parties' motions in limine are **GRANTED in part** and **DENIED in part** in accordance with this order. Dkt. [87]; dkt. [103]; dkt. [116]. As with all orders in limine, this order is preliminary and "subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41 (1984). No party shall reference or attempt to elicit evidence that has been provisionally excluded by this order without first seeking permission from the Court outside the presence of the jury. Each party **SHALL ENSURE** its witnesses' compliance with this order.

**SO ORDERED.**

Date: 3/9/2022

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

16

## APPENDIX A—TABLE OF MOTIONS AND RULINGS

|  |  |  |
|---|---|---|
| **Plaintiffs' Motions in Limine** | | |
| # | Motion | Ruling |
| 1 | Argument or suggestion that crash was a mere accident or mistake | Granted in part |
| 2 | Argument or suggestion that Mr. St. Jean faced a "sudden emergency" | Granted by agreement |
| 3 | Suggestion or comment about who pays the verdict | Granted by agreement |
| 4 | Suggestion or comment that money will not undo the damage | Granted by agreement |
| 5 | Evidence of collateral source payments | Granted |
| 6 | Evidence concerning settlement discussions | Granted by agreement |
| 7 | Statements suggesting Society is overly litigious | Granted |
| 8 | Argument that this is a lawyer created case or concocted damage issues | Granted |
| 9 | Allegations that Plaintiffs failed to mitigate damages | Granted |
| 10 | Statements apologizing or expressing concern for Plaintiffs or others for the incident & related damages | Granted in part |
| 11 | Donations made by others towards funeral or burial costs | Granted |
| 12 | Plaintiffs' life expectancy shortened by any medical condition | Grant in part |
| 13 | Cap on the amount of available damages for loss of love and companionship and prohibition on references to Morgan as an "adult child" | Grant in part |
| 14 | Automobile crashes involving other family members | Granted by agreement |
| 15 | Testimony of DFS corporate representative and certain phrases and expressions "along the lines" of DFS being "reasonable" or wanting to do the "right thing" | Granted |
| 16 | Testimony from Mr. St. Jean | Granted by agreement |
| 17 | Involvement of Camille Wortman | Granted in part |
| 18 | Testimony from Mattison Harris regarding her commentary on prior conversations with Plaintiffs' counsel | Granted |
| 19 | Elements of damages that Plaintiffs are not claiming | Granted |

| **Plaintiffs' Motions in Limine** |
| # | Motion | Ruling |
|---|--------|--------|
| 20 | Comment, statement, or argument regarding the driver experience or miles driven by Mr. St. Jean, safety rating of DFS, or similar comment | Granted by agreement |
| 21 | Evidence that Plaintiffs filed a motion in Limine or the Court's ruling | Granted by agreement |

| **Defendants' Motions in Limine** |
| # | Motion | Ruling |
|---|--------|--------|
| 1 | Testimony from Senior Trooper Rader | No ruling at this time |
| 2 | Evidence regarding additional facts about subject accident | Granted in part |
| 3 | Testimony from Jennifer Perrin | Denied |
| 4 | Testimony from Mary Ann Birt | Denied |
| 5 | Testimony from Donna McKee | Denied |
| 6 | Testimony from Richard Edwards | Denied |
| 7 | Testimony from Ron Smith | Denied |
| 8 | Statements regarding the value of human life | Grant |
| 9 | All documents intended to be marked as evidence not produced in discovery | Granted in part |
| 10 | Evidence regarding calculation of attorney's fees as a form of damages | Granted |
| 11 | Reference to arguments related to the Golden Rule | Granted by agreement |
| 12 | Plaintiff testimony about their grief & sorrow | Granted |
| 13 | Testimony or characterization of verbiage that Morgan Johnson was "killed" | Granted in part |
| 14 | Questions or statements regarding the number of attorneys representing Defendants and who Defendants lawyers are or where they are from | Granted in part |
| 15 | Evidence of insurance | Granted by agreement |
| 16 | Any references to settlement negotiations | Granted by agreement |
| 17 | Arguments or references relating to sending a message, justice, or that this lawsuit serves public at large | Granted by agreement |
| 18 | Separation of Witnesses | Granted by agreement |
| 19 | Inadmissible Hearsay | Granted by agreement |
| 20 | References to filing of motions in limine | Granted by agreement |
| 21 | Punitive Comments | Granted by agreement |

| Defendants' Motions in Limine | | |
|---|---|---|
| **#** | **Motion** | **Ruling** |
| 22 | Evidence that a witness is truthful or honest | Granted by agreement |
| 23 | Financial situation of the Parties | Granted by agreement |
| 24 | Citizenship and location of Defendants and contrast with Plaintiffs | Granted by agreement |
| 25 | Statements or reference to the absence of testimony from DFS | Granted by agreement |
| 26 | Testimony from Robbie Duke discussing his loss of L&C | Granted in part |
| 27 | Witness testimony regarding Morgan's relationship w/ Mitchell Johnson & Gracie Duke | Granted in part |

Distribution:

Edward A. DeVries
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP (Chicago)
edward.devries@wilsonelser.com

Brian Del Gatto
Wilson Elser Moskowitz Edelman & Dicker, LLP
2720 East Camelback Road, Suite 210
Phoenix, AZ 85016

Dennis E. Harrold
STEPHENSON RIFE LLP (Shelbyville)
DennyHarrold@SRTrial.com

Michael S. Hult
KELLER & KELLER
mhult@2keller.com

Brady J. Rife
STEPHENSON RIFE LLP (Shelbyville)
bradyrife@srtrial.com

Sean Robert Roth
STEPHENSON RIFE LLP
seanroth@srtrial.com

M. Michael Stephenson
STEPHENSON RIFE LLP (Shelbyville)
mikestephenson@srtrial.com